CASE 33—PETITION ORDINARY—MARCH 28.

# Louisville and Nashville Railroad Company v. Foley.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. NEGLIGENCE—PLEADING.—In this action against a railroad company to recover damages for injuries received by plaintiff while coupling cars in the discharge of his duty as brakeman, although it was alleged in the petition that the conductor was negligent in signaling the engineer to back the locomotive while plaintiff was between the cars, and that the injury would not have been received but for such negligence of the conductor, yet as it is elsewhere in the petition alleged that the injury resulted from the negligent backing of the locomotive, and from defects in the coupling apparatus, the plaintiff was entitled to recover if the injury resulted from negligence in either of these respects, whether the conductor was or was not guilty of negligence in signaling the engineer to back the locomotive.

2. MASTER AND SERVANT—DEFECTIVE APPLIANCES—An employer can not escape liability for an injury to a subordinate employe by reason of the defective machinery or appliances provided for his use, merely because the latter does not show he exercised care and diligence to discover the character and condition thereof. The limit of inquiry in such case is whether as matter of fact the employe did, before exposing himself to danger, know the machinery or implements causing the injury to be defective. And while this rule does not apply where examination and inspection is in the line of the injured employe's duty, yet a brakeman can not be reasonably expected or required to know

Louisville and Nashville Railroad Company v. Foley.

whether all the machinery and appliances of a railroad train are in proper condition.

3. EVIDENCE—RES GESTÆ.—The declaration of the car inspector that he had been troubled with coupling of the two cars in question before the train started from the yard was competent as a part of the *res gestæ*, although made ten minutes after the injury, and after plaintiff had been carried to the depot near where the injury occurred. But even if proof of that declaration had been incompetent it would not have been prejudicial because the defective condition of the coupling apparatus was otherwise fully proved.

4. A WRITTEN AGREEMENT BY PLAINTIFF TO USE A COUPLING STICK IN COUPLING CARS was not binding, unless the coupling stick was in fact indispensable, or at least clearly necessary for security of brakemen against danger incident to coupling cars. And in determining whether a brakeman was guilty of contributory negligence in failing to use a coupling stick, it is in every case proper for the jury to consider the merit of the coupling stick; and as tending strongly to show that it does not answer the purpose for which it was designed, it is competent to show that it has been generally discarded by brakemen.

5. EXCESSIVE VERDICT.—A verdict for five thousand dollars for the loss of two fingers is so excessive as to indicate passion or prejudice.

HELM & BRUCE FOR APPELLANT.

1. Where the plaintiff specifies in his petition the negligence complained of, he must be confined on the trial to these specifications. (McCain v. L. & N. R. Co., 13 Ky. Law Rep., 809; Bogenschutz v. Smith, 84 Ky., 330.)

As the conductor alone is charged with negligence here, the negligence of no other servant can be considered; but the plaintiff failed to show negligence upon the part of any servant.

2. The plaintiff knew the existing conditions, and if these made the attempt to couple the cars a dangerous one, he was guilty of contributory negligence in making the attempt. (Sullivan v. Bridge Co., 9 Bush, 88; Ky. Cent. R. Co. v. Thomas, 79 Ky., 165.)

3. The failure of plaintiff to use the coupling stick as required by the rules of the company, and as he had expressly undertaken to do, was such contributory negligence as deprives him of the right to recover, it appearing that if he had used the stick he could not have been injured. (Cunningham v. C., M. & St. P. R. Co., 17 Fed. Rep. 882; Darracutts v. C. & O. R. Co., 83 Va., 288; Wolsey v. Lake Shore & Michigan Southern R. Co., 33 Ohio St., 227.)

4. It was error to admit testimony tending to show that the brakemen generally disregarded the rules of the company and their contracts about the use of coupling sticks.

5. The servant can not recover on account of defective materials if he had equal means with the master of knowing of the defect. (Bogenschutz v. Smith, 84 Ky., 330.)

6. The court erred in instructing the jury that, although they might believe plaintiff would not have been injured but for his contributory negligence, they should not find for defendant if the defendant or its employes *might have known* of plaintiff's peril by the use of ordinary care, and after discovering his danger, have prevented the injury by the exercise of ordinary care. There was no evidence upon which to base such an instruction; and, besides, it is not the law, as a railroad company does not owe to its employes the duty of *discovering* the peril into which they may be thrown by their negligence. (L. & N. R. Co. v. Coniff, 90 Ky., 560; Ky. Cent. R. Co. v. Thomas, 79 Ky., 160; Sullivan v. Louisville Bridge Co., 9 Bush, 81.)

7. The verdict is grossly excessive. (Louisville Southern R. Co. v. Minogue, 90 Ky., 369; L. & N. R. Co. v. Fox, 11 Bush, 516; Standard Oil Co. v. Tierney, 92 Ky., 367; Louisville Bagging Co. v. Dolan, 13 Ky. Law Rep., 493; L. & N. R. Co. v. Smith, 2 Duv., 556; L. & N. R. Co. v. Robinson, 4 Bush, 508; L. & N. R. Co. v. Collins, 2 Duv., 114.)

8. Testimony as to what the car inspector said as to what happened before the train left the yards was not competent as a part of the *res gestæ*, the statement being made ten minutes after the injury was received and after the parties had left the scene of the injury.

HUMPHREY & DAVIE FOR APPELLEE.

1. There was no error in the court failing to instruct the jury that if Foley had "reasonable cause to know" of the dangerous difference in height of the draw-heads, he could not recover; for no such instruction was asked; and, in a civil case, if the instruction is right, "so far as it goes," it is not error that it does not go far enough. E. & P. R. R. v. Messer, 11 Ky. Law Rep., 486; Heflin v. Auxier, 9 Ky. Law Rep., 535.

2. "Reasonable cause to know" is treated as knowledge on the part of the company of defects like this, because it is the duty of the company to inspect the trains and know. But there is no such duty on the brakeman to inspect the heights of the draw-heads, and is only guilty of contributory negligence if he actually "knows" of the dangerous difference in the height of the draw-heads. (Muldowney v. Ill. Cent. R. R., 36 la., 463; LeClair v. First Div. R. R., 20 Minn., 15; Thompson on Negligence, vol. 2, pages 989, 990; L & N. R. v. Alexander, 83 Ky., 590; Bogenschutz v. Smith, 84 Ky., 389; King v. Ohio R. R., 14 Fed. Rep., 277.)

3. The admission of the evidence as to the exclamation of the car inspector, Barrett, at the time of the injury, that they "had trouble

Louisville and Nashville Railroad Company v. Foley.

with the coupling down in the yard" is not reversible error, because it was made on the spot, and as a part of the *res gestæ;* and because it was fully contradicted by Barrett himself; and because it was immaterial and could not have influenced the verdict, and there was sufficient evidence without it. (McLeod, Receiver, v. Ginther, 80 Ky., 399; Code, section 134.)

4. It was proper to admit the proof that the rule of the company that all couplings were to be made with "coupling-sticks" was, and had always been a mere "dead letter," and that the use of such coupling-sticks was dangerous; and that the conductor knew that Foley was not using one at the time. (Fay v. Minneapolis R. R., 30 Minn., 231; Hissong v. Richmond R. R., 91 Ala., 514; Probst v. Georgia R. R., 83 Ala., 518; Northern Pac. R. R. v. Nichols, 50 Fed. Rep., 718; Richmond R. R. v. Rudd, 88 Virginia, 648; Louisville R. R. v. Watson, 90 Ala., 68.)

5. The swift backing of the train by the conductor and engineer with such "unusual" speed and force, while Foley was between making the coupling, and while the draw-heads and link were in the condition they were, was such evidence of negligence as to justify the verdict in this case. (L. & N. R. R. v. Sheets, 11 Ky. Law Rep., 781; L. & N. R. R. v. Watson, 90 Ala., 68; L. & N. R. R. v. Moore, 83 Ky., 682; L. & N. R. R. v. Brooks, 83 Ky., 132, 134; L. & N. R. R. v. Mitchell 87 Ky., 336.)

6. It was negligence on the part of the conductor to send Foley, without warning, between the cars to make the coupling, with a "short" "straight" link, instead of a long and crooked link, when the conductor knew that the two cars, which were to come together, had draw-heads that differed from three to five inches in height, and would not fit together. (Denver R. R. v. Simpson, 16 Colo., 55, (25 Am. State Rep., 242); Goodrich v. New York Central R. R., 116 N. Y., 398, (15 Am. State Rep., 410 ; Toledo R. R. v. Fredericks, 71 Ill., 294; Lawless v. Connecticut R. R., 136 Mass., 1; King v. Ohio R. R., 14 Fed. Rep., 277; Ellis v. New York R. R., 95 N. Y., 552; LeClair v. First Div. R. R., 20 Minn., 15; Muldowney v. Illinois R. R., 36 Ia., 470; Towns v. Vicksburg R. R., 37 La. Ann., 630; Hulett v. St. Louis R. R., 67 Mo., 239; 29 Hun., 641; 78 N. C., 300; 61 Texas, 695; 27 Albany Law Journal, 294; Beach on Contributory Negligence, sections 135, 139.)

7. The verdict of five thousand dollars does not evidence such passion or prejudice in the jury as to justify the court to set aside their verdict and the lower court's judgment. Such an amount is not an unusual verdict for such suffering and mutilation. (Toledo R. R. v. Fredericks, 71 Ill., 295; Schultz v. Chicago R. R., 48 Wis, 375; L. & N. R. R. v. Sheets, 11 Ky. Law Rep., 127; L. & N. R. R. v. Robinson, 13 Ky. Law Rep., 153; Central R. R. v. Debree, 71 Ga., 406; Wooster

v. Western New York R. R., 61 Hun. (N. Y.), 623; Sprague v. Atlee, 81 Ia., 1; Murray v. Hudson River R. R., 47 Barbour, 196.) The above are cases of mutilations of a hand.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment in favor of M. J. Foley against the Louisville and Nashville Railroad Company for five thousand dollars in damages on account of a personal injury.

It is stated substantially in the petition that August 18, 1889, plaintiff was in employment of defendant as brakeman on a freight train which, having, about eleven P. M , started on a run from the freight yard in Louisville, became, when it reached East Louisville, disconnected by reason of the coupling machinery of two cars breaking or becoming loosened; that he was thereupon directed by the conductor to recouple the two cars, and while he was between them for that purpose the conductor signaled the engineer to back the locomotive, to which was attached five of the twenty-five cars composing the train, but did not warn plaintiff he had done or was about to do so, and in consequence of such failure his hand was caught between draw-bars of the two cars, when they came together, and injured; that said draw-bars could not be safely or properly used together because not on a level, one being about four inches higher than the other, and that only a short link with which to couple the cars was provided; consequently performance of plaintiff's duty was rendered on that occasion extra hazardous; that the locomotive and cars attached to it were backed on a down grade without brakes being fastened so as to moderate their speed,

and as a consequence the engineer lost control, and they moved to the stationary part of the train more rapidly than would have been otherwise the case. It is further stated that condition of the draw-bars and character of link as described were known to the conductor, but not to plaintiff until the accident occurred.

The evidence does not satisfactorily show the conductor was negligent as to the matter of signaling the engineer to back the train. And for that reason, and because it is, in general terms, alleged in the petition the injury would not have been done but for such negligence of the conductor, counsel argue the verdict is not supported by competent and relevant evidence. But it is, elsewhere in the petition, alleged that the injury resulted from backing the locomotive and cars in the negligent manner mentioned, and from inequality and unevenness of said draw-bars and shortness of the link, as well as from negligence of the conductor in signaling the engineer to back without warning to plaintiff. And as the other facts stated show, *prima facie*, an actionable injury independent of negligence of the conductor in the particular charged, it was competent for plaintiff to prove all circumstances legitimately connected with the occurrence, and for the jury, under proper instructions, to inquire and find whether defendant was liable by reason of negligence of the conductor, engineer or other employe in respect to defects of the coupling machinery, or manner in which the locomotive and cars were backed. For if the injury to plaintiff resulted from either of the alleged causes, or from the two

combined, right of recovery existed, whether the conductor was or not guilty of negligence in the particular matter mentioned.

The lower court, therefore, properly instructed the jury that if the injury was caused by improper or defective appliances furnished plaintiff by defendant with which to perform the duties required of him, and defendant knew or might have known of their condition and character by use of ordinary care, and plaintiff did not know thereof, the law was for him, and the jury should so find. Equally pertinent and proper was an instruction to so find if the injury was caused by gross negligence of the engineer or other co employe.

But counsel contend that the first instruction is erroneous, because exercise by plaintiff of care and diligence to discover the character and condition of the coupling machinery before using them, was not made a condition of his right to recover. The rule requiring an employer to provide reasonably safe and suitable machinery and appliances for use of employes, and to keep them in reasonable repair while being used, is so just and fair that it has never been called in question by this court. But if an employer may in every case escape liability for an injury to a subordinate employe by reason of defective machinery or appliances provided for his use, merely because the latter does not show he exercised care and diligence to discover the character and condition thereof, that rule would not amount to much as either an incentive to the employer to do his duty, or protection to the employe against personal injury.

The limit of inquiry in such case as this is, whether, as matter of fact, the employe did, before exposing himself to danger, know the machinery or implements causing the injury to be defective.

The rule, of course, does not apply where examination and inspection is in the line of an employe's duty. But a brakeman is never intrusted with the duty of inspecting, and therefore can not be reasonably expected or required to know whether all the machinery and appliances of a railroad train are in proper condition.

In this case the plaintiff testified he did not know of the condition and character of the draw-bars and link in question before he was injured. And in view of the fact the train had been recently made up in the defendant's yard by other employes, and he was unexpectedly called on near midnight to perform the service of coupling the two cars that had broken apart, it is manifest he had no previous opportunity, even if it had been his duty, to inspect the twenty-five cars composing the train, in order to ascertain the condition of each of them. And it, therefore, seems to us not only that plaintiff's statement is entitled to credence, but that here is presented a fit illustration of the injustice and unfairness of requiring a subordinate employe like a brakeman, as a condition of his right to recover against his employer for personal injury, to show that he had previously exercised diligence to discover the character and condition of all the machinery and implements provided for him to use, and by which the injury was done.

There may be cases where, in fact, the defect is so

patent that the jury will conclude such subordinate must have discovered and known it before taking the risk of injury, but such is not this case.

Whether the condition and character of the draw-bars and link plaintiff was required to use was the sole cause of his injury, or it resulted from the manner in which the locomotive and cars were backed, or be attributed to the two causes combined, or was altogether result of his own negligence, were questions for the jury, whose finding, in that respect, we do not feel authorize to disturb.

An objection was made to evidence tending to show that the car inspector said about ten minutes subsequent to the injury, and after plaintiff had been carried to the depot near, that he had been troubled with coupling of the two cars in question before the train started from the yard. But it seems to us that declaration of the car inspector having been evidently made as the mere result or consequence of feelings or motives coexistent with the injury, and without time or incentive for calculation as to effect or influence it would have upon rights of the parties, should be regarded as of the *res gestæ*, and therefore competent evidence. But if proof of that declaration had been incompetent, it would not have prejudiced substantial rights of defendant, because condition and character of coupling machinery of the two cars, as described in the petition, was otherwise fully proved.

It appears that plaintiff, at the time of his employment as brakeman, acknowledged in writing, receipt from defendant of a coupling-stick, which he promised to use when coupling cars while in defendant's

service, and it is now contended that his failure to use the stick for that purpose when injured should be treated such contributory negligence as to defeat recovery in this action.    The written agreement obviously was not binding on plaintiff unless the coupling-stick was in fact indispensable, or at least clearly necessary for security of brakemen against danger incident to coupling cars; for defendant had no right otherwise to bind plaintiff to use the stick, or to make habitual use of it a condition of his right to maintain an action for personal injury received while engaged in coupling cars.    The decisive question, then, is, whether, but for plaintiff's failure to use the coupling-stick on occasion of receiving the injury complained of, it would not have occurred.    It is proved that although a coupling-stick was, at the time plaintiff signed the writing, delivered to him, the conductor who delivered it told him the written undertaking was required as mere form.    It is further shown that in order to use the stick it is necessary for a brakeman to carry it about his person in a belt, which causes more danger of falling and being injured while running on top of a car, or climbing hurriedly on or off it, than is compensated for by any advantage or security against injury it may be.    Besides, the coupling-stick is proved to be generally discarded, and not used at all by brakemen on freight cars of the defendant, which fact is not only proper to be proved, as was done on trial of this case, but tends strongly to show the coupling-stick does not answer the purpose for which it was apparently designed.    For the opinion of brakemen in

regard to utility of an implement such as a coupling-stick, which they only have use for, and must necessarily know more about than any other class of persons, is of course entitled to great weight, because their knowledge is derived from actual experience, and after an anxious effort to properly test its value; and no evidence could speak more decisively against the value of a coupling-stick than the general disuse of it by brakemen. But it is competent for the jury in every case like this to consider the merit of the coupling-stick in determining the question of contributory negligence, as was doubtless done on trial of this case, and we need not, therefore, consider the question further.

But it seems to us the amount of damages found in this case is so excessive and disproportioned to the actual injury sustained, as to make it our duty, under section 340, Civil Code, to set aside the verdict. For if five thousand dollars damages for loss of two fingers is not so excessive as to appear to have been given under influence of passion or prejudice, it is hard to tell when a case would occur justifying interposition of the court for protection of a defendant against spoliation. This court has always been averse to disturbing the finding of a jury, and will not do so except when their verdict is palpably, or, in language sometimes used, flagrantly, against the evidence, and we are not authorized to set it aside on account of excessive damages, unless the condition provided for in the section referred to exists, which is clearly this case.

Wherefore the judgment is reversed for a new trial consistent with this opinion.