Carey v. W. B. Samuels & Co.

---

CASE 79.—ACTION BY F. P. CAREY AGAINST W. B. SAM-UELS & CO., FOR DAMAGES SUSTAINED IN OP-ERATING A DISTILLERY.—September 20, 1905.

## Carey v. W. B. Samuels & Co.

Appeal from Nelson Circuit Court.

Judgment for defendants and plaintiff appeals—Affirmed.

1. Master and Servant—Injury to Servant—Assumption of Risk.—An experienced machinist, skilled in the work, re-paired, set up, and operated a mill. While testing the work of the mill, his hand was caught in rollers and injured. He could have made the required test without risk, and he ad-mitted that the manner of making the test as he did was dangerous. Held, that as a matter of law, that he assumed the risk.

2. Same—Injury to Servant—Negligence.—Where a skilled ma-chinist knew that the danger he encountered in testing the work of a mill was increased by want of sufficient light, but there was no less light in the mill-room when he was injured than when he repaired, set up, and put the mill in operation, the absence of sufficient light was not evidence or actionable

negligence on the master's part, but imposed on the servant the duty of the exercising of greater care.

NAT W. HALSTEAD and MORGAN YEWELL for appellant.

ELI H. BROWN, JR., and O'NEAL & O'NEAL for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellee is a corporation owning and operating a distillery in Nelson county. Connected with the distillery are two mills run by steam in which meal is made for the manufacture of whiskey. One of these mills is known as the Noy patent and the other as the Gray patent.

Appellant is a skilled machinist of many years' experience, a large part of which had been passed in appellee's service. Both mills were set up and put in operation by appellant as an employe of appellee, the Gray mill last. This mill was an old one and had not been in use for some time, for which reason it was taken apart and repaired by appellant, before he set it up and started it to running.

After starting the mill appellant, in attempting to test the quality of the meal it was producing, had the misfortune to get his hand caught between the rollers and greatly mangled, which necessitated its amputation. For the injuries thus sustained he sued appellee in the circuit court, laying his damages at $10,000.00.

It was charged in the petition that appellant's injuries were caused by the gross negligence of appellee in having and using in its distillery an unsafe and defective mill, dangerous to operate, which fact was known to it, but unknown to appellant, and that he was required to test the work of this mill without warning from appellee of the danger of doing so.

The answer of appellee specifically denied the negligence complained of, averred the skill and experience of appellant as a mill machinist, that the mill in question was repaired, set up and put in operation by him under appellee's employment, that by the terms of such employment it was his duty to keep it in repair and test its work, that he was familiar with the mill in all its parts and whatever danger there was in operating it, and finally that in receiving his injuries appellant was himself guilty of negligence, but for which he would not have been injured.

The trial resulted in a verdict for appellee, the jury having so found under a peremptory instruction given by the court at the conclusion of appellant's evidence, consequently, judgment was entered dismissing the petition at appellant's cost.

It was contended by appellant in his petition and grounds for a new trial, and is now urged in his behalf, that the peremptory instruction was unauthorized for the reason that it was the duty of appellee to furnish appellant, while in its service, with reasonably safe machinery and place for the performance of the work required of him and that appellant was himself under no legal duty to examine or discover, defects or danger in the machinery or place of work, unless they were patent and obvious to a person of his understanding and experience.

Such is undoubtedly the rule of law where examination and inspection is not in the line of the servant's employment or duty. So in determining whether the rule contended for by learned counsel for appellant should apply to this case, we must look to the facts presented by the evidence introduced in his behalf.

The facts in brief are: That appellant was and is an experienced machinist skilled in the work of repairing, setting up and operating such mills as those of appellee, that he had shortly before he was injured taken apart, repaired, set up and put into operation the mill by which he was injured, that there was no defect in the mill, or any of its parts at the time appellant was injured, and no obstruction to or change in the mill had occurred between the time of his starting it and the receiving of his injuries. Appellant was, therefore, thoroughly familiar with the mill and all its parts, and he above all others, knew the dangers that were likely to exist or arise in operating it.

It was his duty to test the quality of the meal the mill produced, which duty could be performed only by inserting his hand in the meal and pressing or sifting it with the fingers. In testing the meal it was likewise his duty to use ordinary care to protect himself from injury. According to his own testimony there was but one way in which appellant could have been injured by the mill and that was to get his fingers caught between the rollers as was done. As he attempted with his hand to catch the meal falling from the meal board which conducts it from the upper rollers and drops it into those below with the slight vibratory motion necessary to prevent its adhering to the meal board, his hand struck against the meal board which in turn knocked his fingers against the rollers below causing them to be caught therein and greatly mangled.

By getting the meal from the receptacle designed for it after leaving the rollers, appellant might have made the required test without risk or injury to himself, but in attempting it as he did, he admitted

upon the witness stand that he undertook a risk that he at the time knew was attended with great danger.  He, therefore, assumed the risk with full knowledge of the danger, consequently the injury which followed resulted solely from his own negligence.  It is idle to say that one who possesses the skill necessary to make a machine, or to repair, put it together and operate it, needs to be told how to approach or run it, or to be protected or even warned against the probable dangers that might occur from its use.

It is, however, insisted for appellant that the danger he encountered in making the examination of the meal was increased by the want of sufficient light in the room where the mill was situated and the dust arising from the mill.  If these conditions existed they were necessarily known to appellant when and before his injuries were received and should have deterred him from the attempt to test the work of the mill under such unfavorable circumstances, or at any rate impelled him to exercise the greater care in making it. It does not, however, appear from the evidence that there was any less light in the mill room when appellant was injured than usual, or when the mill was set up and put in operation by him.

We conclude, therefore, that the evidence disclosed by the record presented no ground for fastening upon appellee responsibility for appellant's injuries, but upon the other hand it shows that they resulted from his own negligence.

In many cases decided by this court the master has been held liable for injuries resulting to the servant from the negligence of the former in failing to provide him with reasonably safe tools, machinery

cr place to work, but in no case has such liability been held to exist where, notwithstanding the negligence of the master, the servant knew of the defect, or danger in tool, machinery or place or work, or such defect or danger was so obvious as to be readily discernible, or where examination and inspection was in the line of the servant's duty. L. & N. R. R. Co. v. Foley, 94 Ky. 220; McCormick Harvesting Machine Co. v. Liter, 23 Ky. Law Rep., 2154; Wilson, adm'r. v. Chess & Wymond, 25 Ky. Law Rep., 1655; Phisterer v. Peter & Co., 25 Law Rep. 1608; Champion Ice Mfg. Co. v. Carter, 21 Law Rep. 211; Weidemann Brewing Co. v. Wood, 27 Law Rep. 1012.

In the case at bar, appellant according to the proof, knew and voluntarily encountered the danger of testing the quality of the meal in the manner in which it was attempted by him, and in addition it was his duty under his employment by appellee to examine and know that the machinery of the mill was in proper condition and reasonably safe for use and free from defects. There was no error, therefore, in the giving of the peremptory instruction.

Wherefore the judgment is affirmed.