CASE 108.—ACTION BY MARY McNALLY BY HER NEXT
    FRIEND AGAINST THE GRAY-MEEK PAPER BOX
    COMPANY.—June 17, 1910.

## Gray-Meek Paper Box Co. v. McNally.

Appeal from Jefferson Circuit Court (Common
Pleas Branch, Second Division).

THOMAS R. GORDON, Judge.

Judgment for plaintiff, defendant appeals.—Reversed.

1  Master and Servant—Injuries to Servant—Defective Appliances—Promise to Repair—Question for Jury.—In a servant's
    action for injuries, whether the language of defendant's
    foreman on being notified of a defect in the machinery constituted a promise to repair held for the jury.

2.  Appeal and Error—Excessive Verdict—Setting Aside.—While
    the power confided to the Court of Appeals of setting aside
    verdicts as excessive should be sparingly used, yet, where
    the amount of damages is so excessive and disproportionate
    to the actual injuries sustained as to lead to the conclusion
    that the verdict was the result of passion or prejudice, the
    verdict should be set aside.

3.  Damages—Personal Injuries—Excessive Damages.—Where
    plaintiff lost her thumb on her right hand at the second
    knuckle and her forefinger on the left hand at the second
    knuckle, and her forefinger on the right hand was slightly
    injured, but was well at the time of the trial, a verdict for
    $6,500 was excessive.

O'NEAL & O'NEAL and EDELEN & DAVIS for appellant.

EDWARDS, OGDEN & PEAK for appellee.

OPINION OF THE COURT BY COMMISSIONER CLAY—
Reversing.

Appellee, Mary McNally, suing by her next friend, brought this action against appellant, Gray-Meek Paper Box Company, to recover damages for personal injuries. A trial resulted in a verdict, and judgment in her favor for $6,500, and the Gray-Meek Paper Box Company appeals.

Appellant is a manufacturer of paper boxes, and at the time of the accident complained of was engaged chiefly in making boxes to be used by the manufacturers of shoes. The machine on which appellee worked at the time of the accident was what is known as an "end setter." The ends of the boxes were cut and shaped to put in this machine, and the machine was used to paste the ends on boxes. According to appellee's testimony, she had worked on similar machines, but never on one that moved as rapidly as the machine she was working on when injured. The machine was operated by means of a pedal. When the pedal was pressed down by the foot of the operator, the form, which was a metallic substance, came up with considerable force, and pressed the ends of the boxes to make them adhere together. This machine had been out of repair for some time. Its condition was known to the foreman in charge of the business. The machine was defective, in that it would repeat; that is, the form would sometimes come up when the foot was not pressed on the pedal. The boxes had to be fed straight in order that they might be properly fastened together. For the purpose of keeping them straight, the operator had to use her fingers. While appellee was straightening the boxes that had been fed to the machine, and after she had removed her foot from the pedal, the form came up and caught her fingers and thumb. She lost her thumb on the right hand at the second

knuckle, and also her forefinger on the left hand at the second knuckle. The forefinger on the right hand was slightly injured, but was well at the time of the trial. Appellee claims that she was inexperienced and was not acquainted with the danger in operating the machine, and that the foreman failed to warn her of the danger. A short time prior to her injury she notified the foreman that the machine was defective, and the foreman told her to go upstairs and work; that he would be up there after a while.

The evidence for appellant was to the effect that appellee had been working in its manufactory for about two years and a half, and had been engaged in working on machines similar to the one which injured her. She was fully warned of the danger, and was instructed how to manage the machine. The very morning on which the accident occurred the foreman adjusted the machine, and had it been left in that condition the accident would not have occurred. There was also evidence to the effect that the accident could not have happened as claimed by appellee, unless she herself had placed her foot on the pedal and caused the form to come up. Appellee based her cause of action on two grounds: First, her inexperience and the failure of appellant's foreman to warn her of the danger; second, a promise to repair the machine after appellant's attention had been called to its defective condition.

It is insisted by counsel for appellant that the language which appellee claims was used by appellant's foreman when she reported to him the defective condition of the machine did not constitute a promise to repair. If, however, the foreman did tell her to go upstairs and work, and that he would be up there after a while, we conclude that it was proper

to submit the question to the jury. Appellee had a right to conclude from the language used that she would be expected to continue at work until the foreman came up in a short time to adjust the machine. We are fortified in this conclusion by the fact that the foreman testified that he had instructed the employes to notify him of any defects in the machines, and in response to such notice it was his custom to adjust the same. While the evidence of appellee's inexperience and of the failure of appellant's foreman to warn her is slight,we cannot say that the court erred in submitting this issue to the jury. She may have known that the machine did not work properly, and yet have been ignorant of the real danger growing out of the fact that it would repeat.

While we cannot say that the court erred in submitting the above issues to the jury, we conclude that the verdict in this case is excessive. While it is true that every verdict of a jury should be regarded prima facie as the exercise of an honest judgment on its part, and that the power confided to this court of setting aside verdicts on the ground that they are excessive should be sparingly used, yet this court is committed to the doctrine that, where the amount of the damages awarded is so excessive and disproportionate to the actual injury sustained as to lead to the conclusion that the verdict was the result of passion or prejudice on the part of the jury, such verdict should be set aside. Following this rule, this court, in the case of Louisville & Nashville R. R. Co. v. Foley, 94 Ky. 220, 21 S. W. 866, 15 Ky. Law Rep. 17, said that, if a verdict of $5,000 damages for the loss of two fingers was not excessive, it was hard to tell when a case would occur justifying the interposition of the court for the protection of a defendant

against spoliation. In the case of Louisville & Nashville R. R. Co. v. Law, 21 S. W. 648, 14 Ky. Law Rep. 850, it was held that a verdict of $2,000 for injury to the left thumb making amputation at the first knuckle necessary was excessive. We deem it unnecessary to multiply authorities upon this point. Suffice it to say that the verdict is out of all proportion to the actual injury received; so much so as to indicate prejudice or passion on the part of the jury. The instructions given properly presented the issues to the jury, and are not subject to criticism.

Having determined to reverse this case on the ground that the verdict is excessive, we deem it unnecessary to determine whether or not the court erred in refusing to grant a continuance, or whether or not appellee's counsel was guilty of misconduct in his argument to the jury.

Judgment reversed and cause remanded, with directions for a new trial consistent with this opinion.